IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HIDEICHI WATANABE, INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF MASUMI WATANABE, DECEASED; ROBERT T. IINUMA, AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF MASUMI WATANABE, DECEASED; AND FUMIKO WATANABE, | ) ) ) ) ) ) ) ) ) ) | CV 09-00199 SPK-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| KIRK M. LANKFORD; THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, dba HAUOLI TERMITE AND PEST CONTROL, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR REMAND**

Before the Court, pursuant to a designation by Senior United States District Judge Samuel P. King, is the Motion for Remand ("Motion") filed on June 3, 2009 by Plaintiffs Hideichi Watanabe, Individually and as Co-Personal Representative of the Estate of Masumi Watanabe, Deceased, Robert T. Iinuma, as Co-Personal Representative of the Estate of Masumi Watanabe, Deceased, and Fumiko Watanabe (collectively "Plaintiffs"). Defendant the Terminix International Company Limited Partnership, doing business as Hauoli Termite and Pest Control ("Terminix") filed its memorandum in opposition on June 18, 2009, and

Plaintiffs filed their reply on July 2, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion be DENIED for the reasons set forth below.

## BACKGROUND

On April 8, 2009, Plaintiffs filed the instant action in the First Circuit Court of the State of Hawai`i.  The Complaint alleges that, on April 12, 2007, Masumi Watanabe was walking in the Pupukea area and Defendant Kirk M. Lankford was in the area performing work and driving a Terminix-owned vehicle in the course of his employment with Terminix.  Lankford claimed that Masumi Watanabe sustained injuries when he accidentally struck her with the vehicle.  He also claimed that she suffered fatal injuries when she exited the vehicle while he was driving. A trier of fact found that Lankford caused Masumi Watanabe's death.  [Complaint at ¶¶ 9-14.]

Plaintiffs allege that Lankford's and Terminix's (collectively "Defendants") negligence, actions, and/or omissions caused injuries, emotional distress, and other damages to Masumi Watanabe, as well as the damages that Plaintiffs suffered as a

2

result of Masumi Watanabe's death.  Plaintiffs allege that
Terminix is liable for Lankford's actions and omissions based on
*respondeat superior*, agency liability, and because Terminix was
negligent in its retention, training, and supervision of
Lankford.  Plaintiffs further claim that both Lankford's and
Terminix's actions or omissions were so grossly negligent,
willful, wanton, and/or in reckless disregard of Plaintiffs'
rights as to warrant punitive damages.  Plaintiffs therefore seek
general, special, and punitive or exemplary damages, attorneys'
fees and costs, prejudgment interest, and any other appropriate
relief.

On May 5, 2009, Terminix filed its Notice of Removal of
Action to United States District Court for the District of Hawaii
under 28 U.S.C. §§ 1332(a), 1332(c)(2), 1441 and 1446 ("Removal
Notice").  Terminix asserted that removal was proper based on
diversity of citizenship.  [Removal Notice at 2.]  Terminix
asserted, based on her death certificate, that Masumi Watanabe
was a citizen of Japan.  [Id. at ¶ 3, Exh. D to Decl. of David M.
Louie ("Louie Decl.").]  Plaintiff Hideichi Watanabe and
Plaintiff Fumiko Watanabe, Masumi Watanabe's father and mother,
are also citizens of Japan.  [Removal Notice at ¶ 3.]  Terminix
stated that it is not a citizen of Hawai`i.  Terminix, its
partners, and the partners of its partners, were all incorporated
in Delaware and have their principal places of business in

3

Tennessee.  [Id. at ¶ 4.]  Terminix noted that the Complaint alleged that Lankford was a citizen of Hawai`i, but Terminix argued that Plaintiffs had not served Lankford, and therefore Lankford's citizenship did not defeat removal.  [Id. at ¶ 5.] Further, Terminix asserted that the case satisfied the amount in controversy requirement because Plaintiff previously alleged in their request for an exemption from the state Court Annexed Arbitration Program that their damages exceeded $150,000.  [Id. at ¶ 8, Exh. B to Louie Decl.]  Terminix also alleged that the Removal Notice was timely because Terminix filed it within thirty days after Terminix received a copy of the Complaint and within the period allowed under § 1446(b).  [Id. at ¶ 10.]  Terminix received a copy of the Complaint on April 13, 2009, but as of the filing of the Removal Notice, Plaintiffs had not served Terminix with the Complaint and Summons.  [Id. at ¶ 2.]

On September 30, 2009, Plaintiffs sent Lankford a Request for Waiver of Service.  [Dkt. no. 19, filed 10/13/09.] Lankford executed the waiver and it was filed on October 13, 2009.  [Dkt. no. 20.]  His answer to the Complaint was due on November 30, 2009, but Lankford has not filed anything since the Waiver of Service.

In the instant Motion, Plaintiffs state that, shortly after they filed the Complaint in state court, Roeca, Louie & Hironaka ("RLH") contacted Plaintiffs' counsel and requested a

4

courtesy copy of the Complaint.  Plaintiffs' counsel obliged.
[Motion, Decl. of Wayne K. Kekina ("Kekina Decl.") at ¶¶ 5-6.]
Plaintiffs state that it was understood that it was merely a
courtesy copy because RLH had not yet received authorization to
accept service on behalf of Terminix.  [Id. at ¶ 8.]  On April
14, 2009, Plaintiffs' counsel asked RLH to inform them when
Terminix engaged RLH to represent it and when RLH was authorized
to accept service.  RLH responded that it was waiting for a
response from Terminix's corporate offices.  [Motion, Decl. of
Gregory Y. P. Tom ("Tom Decl."), at ¶ 3, Exh. 3.]  On April 21,
2009, Dan Boho, Esq., a Chicago attorney, contacted Plaintiffs'
counsel and identified himself as Terminix's "national counsel"
and its attorney in this action.  [Kekina Decl. at ¶ 9.]
Plaintiffs' counsel spoke with Mr. Boho on April 24, 2009.  Mr.
Boho stated that he would be handling most of the case for
Terminix and that his office did not represent Lankford.  Mr.
Boho had not received a request to appoint counsel for Lankford,
and Mr. Boho stated that he would have to discuss the matter with
Terminix.  Mr. Boho did not state whether RLH was authorized to
accept service on behalf of Terminix.  After this conversation,
Plaintiffs did not receive any further communication from
Terminix or any counsel for Terminix prior to the filing of the
Removal Notice.  [Id. at ¶¶ 10-11.]

 Plaintiffs argue that the removal was defective

because: none of the defendants had been served at the time of removal; Lankford is an in-state defendant; and Terminix failed obtain Lankford's consent to the removal.  Plaintiffs assert that Terminix had thirty days after RLH requested a courtesy copy of the Complaint to remove the case and that Terminix delayed Plaintiffs' service on Lankford by indicating that it might appoint counsel for him.  Plaintiffs argue that Terminix engaged in impermissible gamesmanship by using the fact that Plaintiffs had not served Lankford to avoid obtaining his consent to the removal.

In its memorandum in opposition, Terminix argues that the law does not require that all defendants be served before a case is removable.  Terminix acknowledges that Lankford is an in-forum defendant, but Terminix emphasizes that Plaintiffs had not properly served him when Terminix filed the Removal Notice.  Thus, Terminix argues that the courts may disregard Lankford for jurisdictional and consent purposes.  Terminix asserts that the Motion improperly seeks the judicial creation of a gamesmanship exception to the well-established statutory rules for removal.

In their reply, Plaintiffs argue that Terminix misstates the Motion's arguments.  Plaintiffs emphasize that Terminix filed the Removal Notice before any of the defendants had been served and they argue that allowing Terminix to remove the case at that point would be fundamentally unfair because

Terminix participated in, if not caused, the lack of service on
any defendant.  Plaintiffs acknowledge that the federal courts
are split on the issue whether 28 U.S.C. § 1441(b) permits
removal before any defendant has been served.  They argue that
allowing removal in this case would not serve the provision's
purpose of preventing improper joinder because there is no
evidence that they improperly joined the in-forum defendant,
Lankford.  Finally, Plaintiffs deny that remanding this case
would require the judicial creation of a gamesmanship exception
to the removal statutes.

## DISCUSSION

Terminix removed the instant case pursuant to 28 U.S.C.
§§ 1332(a) and (c)(2), 1441, and 1446.  [Removal Notice at 2.]
Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by
> Act of Congress, any civil action brought in a
> State court of which the district courts of the
> United States have original jurisdiction, may be
> removed by the defendant or the defendants, to the
> district court of the United States for the
> district and division embracing the place where
> such action is pending. . . .
> (b) Any civil action of which the district
> courts have original jurisdiction founded on a
> claim or right arising under the Constitution,
> treaties or laws of the United States shall be
> removable without regard to the citizenship or
> residence of the parties.  Any other such action
> shall be removable only if none of the parties in
> interest properly joined and served as defendants
> is a citizen of the State in which such action is
> brought.

28 U.S.C. § 1441 (a)-(b) (emphasis added).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

I.   **Jurisdiction**

        Terminix asserted diversity jurisdiction as the basis of removal.  Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of a state and citizens of a foreign state.  See 28 U.S.C. § 1332(a)(2).  The parties apparently do not contest that the amount in controversy exceeds $75,000.  Masumi Watanabe was a citizen of Japan.[1]  Plaintiffs Hideichi Watanabe and Fumiko Watanabe are also citizens of Japan.[2]  Terminix is a citizen of Delaware and Tennessee.

---

        [1] The Complaint alleges that Masumi Watanabe was a citizen of Hawai`i.  Terminix, however, alleged that she was a citizen of Japan.  Plaintiffs now concede that Masumi Watanabe was a citizen of Japan.  [Mem. in Supp. of Motion at 5 ("Plaintiffs were citizens of Japan.").]

        [2] Although Robert Iinuma is a citizen of Hawai`i, insofar as he is only acting in his capacity as the co-personal
(continued...)

8

According to the Complaint, Lankford is a citizen of Hawai`i.
Plaintiffs therefore could have chosen to file the action in
federal court based on diversity jurisdiction.

## II.  **Timing of Removal**

Plaintiffs chose to file in state court and Terminix
removed the action.  Plaintiffs first contend that removal was
improper because Terminix filed the Removal Notice before
Plaintiffs served any defendant.  At the outset, the Court notes
that Terminix did not have to wait until Plaintiffs served it
with the Complaint and Summons before removing the case.  A
complaint need only be filed to be removable.  See 28 U.S.C. §
1441(a) ("any civil action brought in a State court of which the
district courts of the United States have original jurisdiction,
may be removed by the defendant or the defendants" (emphasis
added)).  Although the deadline for removal is measured from the
defendant's formal receipt of the complaint, 28 U.S.C. § 1446(b)
("The notice of removal of a civil action or proceeding shall be
filed within thirty days after the receipt by the defendant,
through service or otherwise, of a copy of the initial pleading
setting forth the claim for relief upon which such action or

---

[2](...continued)
representative of Masumi Watanabe's estate, her citizenship
controls.  See 28 U.S.C. § 1332(c)(2).

proceeding is based[.]" (emphasis added)),[3] there is no statutory

requirement that a defendant must formally receive the Complaint

before removing the case.   Cf. Boyd v. Phoenix Funding Corp., 366

F.3d 524, 529-30 (7th Cir. 2004) (noting that removal was timely

where the notice of removal was filed before formal service of

---

[3] Although Plaintiffs argue that Terminix could not remove
the case because Plaintiffs had not served any of the defendants,
Plaintiffs also argue that Terminix's request for a courtesy copy
of the Complaint triggered the thirty-day period for removal.
[Mem. in Supp. of Motion at 12.]   Section 1446(b) does state that
the period begin with the defendant's receipt of the complaint
"through service or otherwise," but the United States Supreme
Court has rejected the argument that the thirty-day period is
triggered by the mere receipt of a complaint without any formal
service.   The Supreme Court interprets the "through service or
otherwise" requirement as follows:

> First, if the summons and complaint are served
> together, the 30-day period for removal runs at
> once.   Second, if the defendant is served with the
> summons but the complaint is furnished to the
> defendant sometime after, the period for removal
> runs from the defendant's receipt of the
> complaint.   Third, if the defendant is served with
> the summons and the complaint is filed in court,
> but under local rules, service of the complaint is
> not required, the removal period runs from the
> date the complaint is made available through
> filing.   Finally, if the complaint is filed in
> court prior to any service, the removal period
> runs from the service of the summons.

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S.
344, 354 (1999).   If the thirty-day period began to run from the
mere receipt of any copy of the complaint, the defendant could
lose its right to remove the case before any type of service of
process.   See id. at 356 ("it would take a clearer statement than
Congress has made to read its endeavor to extend removal time (by
adding receipt of the complaint) to effect so strange a change-to
set removal apart from all other responsive acts, to render
removal the sole instance in which one's procedural rights slip
away before service of a summons, i.e., before one is subject to
any court's authority.").

the initial pleading); <u>City of Ann Arbor Employees' Ret. Sys. v.
Gecht</u>, No. C-06-7453 EMC, 2007 WL 760568, at *9 (N.D. Cal. March
9, 2007) ("Procedurally, [the removing defendant] could remove
whether or not he had been 'served.'" (citing <u>Delgado v. Shell
Oil Co.</u>, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service
of process is not an absolute prerequisite to removal.") (some
citations omitted))); <u>Arthur v. Litton Loan Servicing LP</u>, 249 F.
Supp. 2d 924, 931 (E.D. Tenn. 2002) ("Service of process is not a
prerequisite to the defendants exercising their right of removal
under 28 U.S.C. § 1446." (citations omitted)).

        This Court therefore FINDS that the filing of the
notice of removal before Plaintiffs served Terminix did not
render the removal defective.  The Court will address the filing
of the notice before Plaintiffs served Lankford in the discussion
of the forum defendant rule.

**III. <u>Forum Defendant Rule</u>**

        Plaintiffs contend that removal was improper under the
"forum defendant rule" which "confines removal on the basis of
diversity jurisdiction to instances where no defendant is a
citizen of the forum state."  <u>See</u> <u>Lively v. Wild Oats Mkts.,
Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006) (citing 28 U.S.C. §§
1332, 1441(b)).  Plaintiffs argue that Lankford's Hawai`i
citizenship bars removal.  Terminix argues that removal was
proper because § 1441(b) plainly states that an action is

"removable only if none of the parties in interest <u>properly</u> <u>joined and served as defendants</u> is a citizen of the State in which such action is brought." <u>See</u> § 1441(b) (emphasis added). In Terminix's view, at the time it filed the Removal Notice, the forum defendant rule did not apply because Plaintiffs had not served Lankford.

Plaintiffs acknowledge that there is a split of authority on the interpretation of the phrase "joined and served". [Reply at 5-6.] The plain language of the statute favors Terminix because at the time of removal, no forum defendant had been joined <u>and</u> served. <u>See</u>, <u>e.g.</u>, <u>Waldon v. Novartis Pharm. Corp.</u>, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (finding "no compelling reason to depart from the plain text of section 1441(b)" and ruling that an in-forum defendant who had not been served at the time of the removal notice did not affect the sufficiency of the removal). Plaintiffs urge the Court to look beyond the plain language of § 1441(b) because they argue that a literal interpretation would thwart the purpose of the statute and lead to an absurd result.

This Court must enforce the plain language of a statute according to its terms unless to do so "would lead to absurd results." <u>Safe Air For Everyone v. United States Envtl. Prot. Agency</u>, 488 F.3d 1088, 1097 (9th Cir. 2007) (citation and quotation marks omitted). Examples of absurd results include:

12

creating a conflict between different provisions in the same act;
see Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,
541 U.S. 1, 17-18 (2004); and rendering the statute unenforceable
in many instances; see United States v. Brown, 333 U.S. 18, 26-27
(1948).   A court may also disregard the plain language of a
statute if the literal interpretation would "thwart the purpose
of the over-all statutory scheme[,]" United States ex rel.
Barajas v. United States, 258 F.3d 1004, 1012 (9th Cir. 2001)
(citations and quotation marks omitted), or "contravene any clear
legislative history[.]"   In re Catapult Entm't, Inc., 165 F.3d
747, 754 (9th Cir. 1999).

   A.   **Purpose of the Forum Defendant Rule**

          The Ninth Circuit has articulated the purpose of the
forum defendant rule as a whole:

> Removal based on diversity jurisdiction is
> intended to protect out-of-state defendants from
> possible prejudices in state court.  The need for
> such protection is absent, however, in cases where
> the defendant is a citizen of the state in which
> the case is brought.  Within this contextual
> framework, the forum defendant rule allows the
> plaintiff to regain some control over forum
> selection by requesting that the case be remanded
> to state court.

Lively, 456 F.3d at 940 (citation omitted).  The literal
interpretation of the "joined and served" provision would not
thwart the overall purpose of the forum defendant rule in this
case.  Terminix, as an out-of-state defendant, may have sought
removal to avoid possible prejudices that it may face in state

court.  Such protection is not necessary for Lankford, an in-state defendant.  Plaintiffs therefore could have regained control over forum selection by serving Lankford before Terminix removed the case.

Plaintiffs argue that Terminix contributed to the delay in effecting service in this case.  Plaintiffs note that RLH merely requested a courtesy copy of the Complaint and, on April 14, 2009, RLH could not say whether it was representing Terminix or whether it was authorized to accept service of the Complaint on Terminix's behalf.  [Motion, Exh. 2 to Kekina Decl., Exh. 3 to Tom Decl.]  On April 24, 2009, Mr. Boho told Plaintiffs' counsel that he had to consult with Terminix regarding whether Terminix was going to appoint counsel for Lankford.  [Kekina Decl. at ¶ 10.b.]  Plaintiffs therefore allege that Terminix "created a delay in service on Defendant LANKFORD by indicating it might appoint counsel for him[.]"  [Mem. in Supp. of Motion at 12 (emphases in original).]  None of Terminix's actions, however, would have precluded Plaintiffs from serving Lankford without the assistance of Lankford's counsel.  RLH apparently did not inform Plaintiffs prior to removal that it was representing Terminix in this case, but, on April 21, 2009, Plaintiffs' counsel learned that Mr. Boho was representing Terminix in this action.  On April 24, 2009, Mr. Boho told Plaintiffs' counsel that he would be handling most of the case.  [Kekina Decl. at ¶ 10.a.]  Thus, even

14

though Plaintiffs had not served the Complaint on Terminix, Plaintiffs knew that Terminix was aware of the case and had obtained representation.  Plaintiffs therefore should have been aware of the possibility that Terminix might try to remove the case.  _See_ _supra_ section II.  To invoke the forum defendant rule and avoid the possibility of removal, Plaintiffs could have immediately served Lankford rather than waiting to see if they could serve him through an attorney that Terminix appointed to represent him.

     As stated in Plaintiffs' Complaint, Lankford was convicted of causing Masumi Watanabe's death.  [Complaint at ¶ 14.]  After removal, Plaintiffs sent a request to waive service of summons to Lankford, who is incarcerated at the Saguro Correctional Center.  This indicates that, prior to removal, Plaintiffs knew, or reasonably should have known, where Lankford was and Plaintiffs could have served him there.  Granted, serving a defendant who is incarcerated outside of Hawai`i may have been costly and procedurally complex, but it was possible.  Thus, Plaintiffs had the ability to control forum selection by serving Lankford before Terminix had the chance to remove the case, but they chose not to do so.  Plaintiffs' ability to remand this case pursuant to the forum defendant rule was thwarted by Plaintiffs' decision not to serve Lankford shortly after filing the Complaint.  This Court therefore finds that applying the plain

15

language of the forum defendant rule would not contravene the purpose of that rule.

**B.   Purpose of the "Joined and Served" Requirement**

Plaintiffs argues that a literal interpretation of § 1441(b)'s "joined and served" requirement in this case would contravene the purpose of that provision.  According to Plaintiffs, "[t]he purpose of the 'joined and served' provision of 28 U.S.C. § 1441(b) is to prevent improper joinder, *i.e.*, 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.'"  [Reply at 7 (quoting Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp. 2d 640, 645 (D.N.J. 2008), and citing Vivas v. Boeing Co., 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007); Mohammed v. Watson Pharmaceuticals Inc., 2009 WL 857517 (C.D. Cal. 2009)).]  Plaintiffs emphasize that there is no evidence in this case that they improperly joined Lankford in an attempt to defeat federal jurisdiction, and they clearly intend to proceed against him.  Thus, Plaintiffs argue that, because they properly joined Lankford, denying remand in this case would contravene the purpose of the "joined and served" requirement and would promote the gamesmanship that Terminix engaged in.

First, the Court notes that, when the Sullivan court articulated this purpose of the "joined and served" requirement,

16

it admitted that there was no explicit discussion of that language in the legislative history of the amendment which adopted it.  <u>See</u> 575 F. Supp. 2d at 644.  The <u>Sullivan</u> court assumed this purpose from "the historical development of the policy of the remanded provisions, the practical application of the 'joined and served' provision by district courts in recent decades, and common sense."  <u>Id.</u>  This is not clear legislative history.

       Even if this Court accepts the <u>Sullivan</u> court's statement of purpose, it does not require remand in the instant case.  Plaintiffs contend that, because the purpose of the "joined and served" requirement is to avoid improper joinder and there was no improper joinder in this case, denial of remand would be contrary to the purposes of the requirement.  Plaintiffs' argument is misplaced.  If the purpose of the "joined and served" requirement is to avoid improper joinder, allowing remand where the plaintiff has improperly joined an in-state defendant would contravene the purposes of the requirement.  That is not the case here.  In the present case, an out-of-state defendant removed an action filed by a plaintiff who could have served the properly joined in-state defendant immediately after filing the Complaint, but chose not to do so.  Nothing in this fact pattern violates the principle that a plaintiff should not be able to avoid removal through improper joinder.

Plaintiffs also state the purpose of the "joined and served" requirement more generally as to avoid gamesmanship or tactical maneuvering. [Reply at 7-8.] Plaintiffs state that they have not engaged in gamesmanship, but Terminix has. As noted, *supra*, this Court rejects Plaintiffs' argument that Terminix's gamesmanship caused the delay in serving Lankford. Terminix's counsel merely stated that he would discuss Lankford's representation with his client; he never asked Plaintiffs not to contact Lankford. It was Plaintiffs who chose not to attempt service on Lankford based on the possibility that Terminix might appoint counsel for Lankford. This Court therefore finds that applying a literal interpretation of the "joined and served" requirement would not violate the purpose of that rule.

C.   **Absurd Result**

This Court may depart from the plain language of § 1441(b) if applying the statute according to its terms would lead to absurd results. See Safe Air For Everyone, 488 F.3d at 1097. Plaintiffs argue that allowing an out-of-state defendant to remove an action by essentially racing to federal court before the plaintiff can serve the in-state-defendant is an absurd result. Plaintiffs rely on the following language from Sullivan:

> As a matter of common sense, the court is
> confident, beyond any doubt, that Congress did not
> add the "properly joined and served" language [to
> Section 1441(b)] in order to reward defendants for
> conducting and winning a race, which serves no
> conceivable public policy goal, to file a notice

18

> of removal before the plaintiffs can serve
> process.  The court cannot imagine what
> Congressional goal . . . would be furthered by
> rewarding defendants for such gamesmanship.

[Mem. in Supp. of Motion at 11 (quoting <u>Sullivan v. Novartis</u>

<u>Pharmaceuticals Corp.</u>, 575 F. Supp. 2d 640, 646 (D.N.J. 2008)).]

It is true that Terminix used Plaintiffs' delay in

serving Lankford to its advantage.  This Court, however, does not

find this be "gamesmanship" because Terminix did not induce

Plaintiffs to delay serving Lankford.  It was Plaintiffs who

chose to try to wait until Terminix decided whether to appoint

counsel for Lankford.  In the interim, Terminix filed its notice

of removal because, at that time, no in-state defendant had been

joined and served.  While Plaintiffs may understandably be

disappointed in the outcome, it is not absurd.  Had Congress

wanted to prevent out-of-state defendants from removing cases

before plaintiffs attempt service on properly joined in-state-

defendants, it easily could have done so.

> [I]f Congress had wanted to ensure that removal
> would not be appropriate until it was clear that
> Plaintiff was trying to prevent removal by
> speciously naming resident defendants, Congress
> could have provided that no removal petition could
> be filed until one or more nonresident defendant
> had been joined and served.  The statute also
> could have been written to give a plaintiff, *e.g.*,
> 30 or 60 days to effect service before permitting
> a defendant to remove.

<u>City of Ann Arbor Employees' Ret. Sys. v. Gecht</u>, No. C-06-7453

EMC, 2007 WL 760568, at *9 (N.D. Cal. March 9, 2007).

This Court has found no reason to depart from the plain language of § 1441(b).  In fact, it is Plaintiffs' proffered analysis of § 1441(b) which violates the principles of statutory interpretation.  The Ninth Circuit has stated: "Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."  Milner v. United States Dep't of the Navy, 575 F.3d 959, 966 (9th Cir. 2009) (citation omitted).  Plaintiffs would have the Court render the "and served" portion of the statute meaningless and inconsistent with the requirement that the in-forum defendant be "joined" at the time of removal.  The Ninth Circuit has held that the joinder of a forum defendant after removal does not invoke to forum defendant rule.  See Spencer v. United States Dist. Ct. for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed.").  The Court should interpret the "and served" portion of § 1441(b) in a consistent manner and rule that the service of an in-forum defendant after removal does not invoke the forum defendant rule.

For all of these reasons, this Court concludes that, pursuant to the plain language of § 1441(b), the forum defendant

rule does not require remand in the instant case because
Lankford, a properly joined in-state defendant, had not been
served at the time of removal.

## IV.  **Consent of All Defendants**

Plaintiffs further argue that the removal in this case
was defective because Lankford did not consent to the removal.
Plaintiffs are correct that the judicially created "rule of
unanimity" generally requires that all defendants to an action
consent to removal.[4]  See Chicago, Rock Island & Pac. Ry. Co. v.
Martin, 178 U.S. 245, 248 (1900); Proctor v. Vishay
Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citing
Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620
(2002) (citing Chicago only for the proposition that "removal
requires the consent of all defendants")).  Defendants who have
not been served, however, are not required to join in the
removal.  See Salveson v. W. States Bankcard Ass'n, 731 F.2d
1423, 1429 (9th Cir. 1984), superceded by statute on unrelated
grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d
1389, 1392 n.3 (9th Cir. 1988); see also Boles v. Engle, CV 08-
00438 ACK-KSC, 2009 WL 763935, at *4 n.4 (D. Hawai`i Mar. 24,
2009) ("The Ninth Circuit therefore recognizes an exception in

-----

[4] The Court notes that "nominal, unknown or fraudulently
joined" defendants need not consent.  See Emrich v. Touche Ross &
Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  These exceptions,
however, are not relevant to the instant case.

cases where defendants are not served and permits the defendant(s) summoned to remove without joining the unserved defendant(s)." (citing <u>Salveson</u>, 731 F.2d at 1429) (alterations in original)).  Terminix therefore was not required to obtain Lankford's consent to the removal.

      This Court FINDS that there was no defect in the removal of the instant case and CONCLUDES that remand is not required.

<u>**CONCLUSION**</u>

      On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion for Remand, filed June 3, 2009, should be DENIED.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAI`I, December 14, 2009.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HIDEICHI WATANABE, ET AL. V. KIRK M. LANKFORD, ET AL.; CIVIL NO. 09-00199 SPK-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR REMAND**